# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

RAYANNE REGMUND, et al.

        Plaintiffs,        CIVIL ACTION NO. 4:16-cv-02960

v.

TALISMAN ENERGY USA, INC.

        Defendant.

## SUPPLEMENTAL DECLARATION OF WAYMAN T. GORE, JR., P.E.

1. My name is Wayman T. Gore, Jr., P.E. I am of the age of majority and competent to make this declaration. This is a supplement to my declaration of March 27, 2018.

2. As stated before, I am a petroleum engineer and principal in the firm of PGH Petroleum & Environmental Engineers, LLC, in Austin Texas. I am also a licensed professional engineer in the State of Texas. Among other things, I provide consulting petroleum engineering services for oil and gas producers operating in Texas, including consulting services in connection with Railroad Commission of Texas ("RRC") filings, administrative applications and hearing testimony before the Commission on behalf of my clients. I have regularly practiced before the RRC for the last 34 years. A copy of my resume and representative experience was attached as Exhibit A & B to my original declaration.

3. I have reviewed the Declaration of Peter D. Huddleston of May 8, 2018.

4. I disagree with his statement in paragraph 12 that the use of centralized treatment facilities to commingle production of different ownerships and different well compositions is "extremely rare." In my experience with the RRC and with oil and gas production in South Texas, commingling of differently owned tracts and wells of different compositions, using centralized storage and treatment facilities is common, including for production in the Eagle Ford trend.

5. Likewise, the allocation of commingled production from wells with different ownerships is common in Texas and is the standard responsibility of the production accounting departments of producers who operate in Texas.

6. The RRC regulations, policies, and P-17 permit procedures specifically contemplate the commingling of production from wells and tracts with different ownership interests, and

1

the permits are set up for that purpose to recognize and allow for commingling of differently owned wells and tracts.

7. I further disagree with Mr. Huddleston's statement in paragraph 13 that Talisman should have filed its "allocation methodology" with the RRC for approval. The RRC rules and P-17 instructions <u>do not</u> require filing and approval of any particular allocation methodology if the wells at issue are separately metered, as indicated in the check box Section 4(a) of the P-17 form. This is true even if the wells and tracts have different ownership interests. I have confirmed the accuracy of my conclusion by discussing this matter both with former and current managers in the RRC departments that handle proration and production filings, including P-17 permits, who confirm that filing and approval of allocation methods is not required for separately metered wells.

I hereby declare this statement to be true and correct under penalty of perjury on the date indicated below:

*[Signature: Wayman T. Gore]*

Wayman T. Gore, Jr., P.E.
Engineering License No. 56682
PGH Petroleum & Environmental Engineers, LLC
Registered Engineering Firm F-9137

Date: May 22, 2018