UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYANNE REGMUND, et al. | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-02960 |
| | § | |
| TALISMAN ENERGY USA INC. | § | |
| | § | |
| *Defendant*. | § | |

Defendant **Repsol Oil & Gas USA, LLC** (which by Certificate of Conversion filed with the Secretary of State of Texas effective 12/30/2016, is the successor by conversion of Talisman Energy USA Inc.)¸ and hereinafter will be referred to as **"Defendant" or "Repsol"** or **"Talisman"**) appearing herein through undersigned counsel, answers Plaintiffs' First Amended Complaint as follows:

## SPECIFIC ANSWERS

In answer to the specific enumerated paragraphs of Plaintiffs' First Amended Complaint, Talisman answers as follows:

1. The allegations of Paragraph 1 are denied.

2. Talisman admits that it co-owns working interests in oil and gas leases, as amended and/or ratified, in the South Texas Eagle Ford shale play in which Plaintiffs and others own royalty interests. The remaining allegations of paragraph 2 are denied.

3. The allegations of Paragraph 3 are denied.

4. Talisman admits that Rayanne Regmund is a royalty interest owner under an oil and gas lease co-owned by Talisman and Statoil Texas Onshore Properties LLC ("Statoil"), but lacks knowledge or information sufficient to form a belief about the truth of the allegation that Ms.

Regmund resides in Kennedy, Texas. Talisman further avers that the Joint Development Agreement, any amendments thereto, and Ms. Regmund's oil and gas lease, plus any amendments and/or ratifications thereto, are in writing and are the best evidence of their contents. All further allegations of paragraph 4 are denied.

5. Talisman admits that Gloria Janssen is a royalty interest owner under an oil and gas lease co-owned by Talisman and Statoil Texas Onshore Properties LLC ("Statoil") but lacks knowledge or information sufficient to form a belief about the truth of the allegation that Ms. Janssen resides in Runge, Texas. Talisman further avers that the Joint Development Agreement, any amendments thereto, and Ms. Janssen's oil and gas lease and associated ratifications and/or amendments are in writing and are the best evidence of their contents. All further allegations of paragraph 5 are denied.

6. Talisman admits that Michael Newberry and Carol Newberry are royalty interest owners under an oil and gas lease co-owned by Talisman and Statoil Texas Onshore Properties LLC ("Statoil"), but lacks knowledge or information sufficient to form a belief about the truth of the allegation that the Newberrys reside in Kennedy, Texas. Talisman further avers that the Joint Development Agreement and the Newberry's oil and gas lease and associated ratifications and/or amendments are in writing and are the best evidence of their contents. All further allegations of paragraph 6 are denied.

7. The allegations of Paragraph 7 are denied.

8. The allegations of Paragraph 8 are denied.

9. As to paragraph 9, Talisman admits that its principal place of business was located in Warrendale, Pennsylvania, and venue was proper in the Western District of Pennsylvania where this action was commenced for that reason alone. Talisman denies that a substantial part of the

events giving rise to the claims herein occurred in the Western District of Pennsylvania. Talisman further avers that that the action was properly transferred to the U.S. Southern District of Texas.

10. Talisman admits that the Plaintiffs are parties to oil and gas leases in the South Texas Eagle Ford shale play and that other oil and gas leases Talisman co-owns include as parties individuals, partnerships, trusts, corporation and other entities residing both in Texas and throughout the United States. However, all further allegations of paragraph 10 are denied.

11. Talisman denies the allegations of paragraph 11. Under Texas law, royalty payments are calculated and otherwise governed by the language of the relevant oil and gas lease, which varies from lease to lease.

12. The allegations of paragraph 12 are general in nature and therefore Talisman lacks knowledge or information sufficient to form a belief about the truth thereof. Talisman avers that as relevant to this action, the production of raw oil/condensate, natural gas and water are measured continuously at the well separator.

13. Paragraph 13 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied.

14. Paragraph 14 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied.

15. Talisman admits that it has a Texas office and owns and co-owns working interests in numerous oil and gas leases in the Eagle Ford shale play in South Texas, including leases in which Plaintiffs and others have royalty interests. Talisman also admits that it entered into a Joint Development Agreement with Statoil, and that this and the oil and gas leases referenced in

this paragraph are in writing and the best evidence of their contents. All further allegations in paragraph 15 are denied.

16. Talisman denies the allegations in paragraph 16.

17. Paragraph 17 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied. Talisman avers that the Joint Development Agreement, and any amendments thereto, are in writing and are the best evidence of their contents.

18. Paragraph 18 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied. Talisman avers that the oil and gas leases, as amended and/or ratified, are in writing and are the best evidence of their contents.

19. Talisman admits that, at the start of joint operations with Statoil pursuant to the Joint Development Agreement, it acted as operator for leases co-owned with Statoil. The remaining allegations of Paragraph 19 are a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied. Talisman avers that the Joint Development Agreement, and any amendments thereto, are in writing and are the best evidence of their contents.

20. Talisman admits it combined the production from wells in the same lease or area into "batteries" or "central facilities" (sometimes referred to as CDP's ("Central Delivery Points") or CRP's ("Central Receipt Points") for the gathering and treatment of the production before delivery to sales points. All further allegations of Paragraph 20 are denied.

21. The allegations of Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. Talisman admits that in 2013, Statoil assumed operatorship over certain co-owned minerals leases in the Eagle Ford play in the eastern portion of the shared holdings. Talisman avers that the Joint Development Agreement, and any amendments thereto, are in writing and are the best evidence of their contents. The remaining allegations of paragraph 23 are denied.

24. Talisman admits that, effective April 1, 2016, Statoil assumed operatorship for most of the co-owned interests with Talisman in the Eagle Ford area. Talisman avers that the Joint Development Agreement, and any amendments thereto, are in writing and are the best evidence of their contents. The remaining allegations of Paragraph 24 are denied.

25. Paragraph 25 contains a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied. All other allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 are denied.

28. The allegations of Paragraph 28 are denied.

29. The allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 are denied.

31. Paragraph 31 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied.

32. Paragraph 32 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied. Talisman avers that the oil and gas leases, as ratified and/or amended, are in writing and are the best evidence of their contents.

33. The allegations of Paragraph 33 are denied.

34. The allegations of Paragraph 34 are denied.

35. The allegations of Paragraph 35 are denied.

36. The allegations of Paragraph 36 are denied.

37. The allegations of Paragraph 37 are denied.

38. The allegations of Paragraph 38 are denied.

39. The allegations of Paragraph 39 are denied.

40. The allegations of Paragraph 40 are denied.

41. The allegations of Paragraph 41 are denied.

42. The allegations of Paragraph 42 are denied.

43. The allegations of Paragraph 43 are denied.

44. The allegations of Paragraph 44 are denied.

45. Paragraph 45 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied. Talisman specifically avers that this matter is not properly certifiable as a class action under FED. R. CIV. P. 23.

46. No response is needed to paragraph 46.

47. Talisman lacks knowledge or information sufficient to form a belief about the truth of the allegation as to the number of potential class members, given the vague class definition and inappropriateness of class certification under Federal Rule of Civil Procedure 23. Talisman further avers that irrespective of Plaintiffs' proposed class, it has numerous royalty owners under its leases in the Eagle Ford area, approximately 87% of those reside in or have mailing addresses in Texas. The remaining allegations of paragraph 47 are denied.

48. Paragraph 48 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied.

49. Paragraph 49 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied.

50. Paragraph 50 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied.

51. Paragraph 51 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied.

52. Paragraph 52 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied.

53. The allegations of Paragraph 53 are denied.

54. Paragraph 54 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied.

55. Paragraph 55 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied.

56. Paragraph 56 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied.

57. Paragraph 57 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied.

58. Talisman admits that certain records concerning the leases, volumes of production, and royalty payments on its leases in the Eagle Ford area are in the possession of Talisman and located in the State of Texas. All further allegations of paragraph 58 are denied.

59. No response is necessary to paragraph 59.

60. Talisman admits the existence of the oil and gas leases, as ratified and/or amended, and contends that they are the best evidence of their contents. All further allegations of paragraph 60 are denied.

61. The allegations of Paragraph 61 are denied.

62. The allegations of Paragraph 62 are denied. Talisman avers that the oil and gas leases, as ratified and/or amended, are in writing and are the best evidence of their contents.

63. The allegations of Paragraph 63 are denied. Talisman avers that the oil and gas leases, as ratified and/or amended, are in writing and are the best evidence of their contents.

64. Paragraph 64 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied. Talisman avers that the oil and gas leases, as ratified and/or amended, are in writing and are the best evidence of their contents.

65. The allegations of Paragraph 65 are denied. Talisman avers that the oil and gas leases, as ratified and/or amended, are in writing and are the best evidence of their contents.

66. The allegations of Paragraph 66 are denied.

67. Paragraph 67 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied. Talisman avers that the oil and gas leases, as ratified and/or amended, are in writing and are the best evidence of their contents.

68. Paragraph 68 is a conclusion of law to which no response is necessary, but to the extent response is required, the allegations are denied. Talisman avers that the oil and gas leases, as ratified and/or amended, are in writing and are the best evidence of their contents.

69. No response is necessary to paragraph 69.

70. The allegations of Paragraph 70 are denied.

71. The allegations of Paragraph 71 are denied.

72. No response is necessary to Paragraph 72.

73. The allegations of Paragraph 73 are denied.

74. The allegations of Paragraph 74 are denied.

75. No response is necessary to Paragraph 75.

76. The allegations of Paragraph 76 are denied. Talisman specifically avers that Plaintiffs have failed to join all persons who have or claim an interest in the oil and gas leases, as amended and/or ratified, pursuant to Texas Civil Practice & Remedies Code § 37.006(a).

## DEFENSES

Talisman asserts these following defenses, without assuming the burden of proof on any that are purely negative defenses for which the burden remains with Plaintiffs.

## FIRST DEFENSE

Plaintiffs fail to state a cause of action against Talisman.

## SECOND DEFENSE

Talisman asserts the four-year statute of limitations for claims for breach of contract and any claims that are derivative of the contract claims, and two-year statute of limitations for claims of unjust enrichment.

## THIRD DEFENSE

Plaintiffs and/or class members they purport to represent have failed to comply with all conditions precedent necessary before bringing these claims. In particular, certain leases of Talisman have notice and cure provisions and other similar provisions which require strict compliance before a claim for judicial relief can be brought. Talisman reserves its right to insist on contractual compliance with each notice or similar contractual condition in each individual lease agreement.

## FOURTH DEFENSE

To the extent that Talisman has already paid royalties to Plaintiffs and to the putative class members, Talisman claims the defenses of payment, recoupment, and offset.

## FIFTH DEFENSE

To the extent that the class representatives seek termination of leases held by absent and putative class members, Talisman asserts that such relief is not permissible under the class action procedures, Texas Civil Practice & Remedies Code § 37.006(a), and would result in a constitutional violation of due process and property rights under the United States and Texas Constitutions, and improperly affect and adjudicate the real property rights of persons not party to this action, either direct, or in a represented capacity.

## SIXTH DEFENSE

Plaintiffs and putative class members lack standing and/or the right of action to seek relief with respect to certain agreements to which they are not parties, to enforce certain regulatory rules that do not provide them a private right of action

## SEVENTH DEFENSE

Plaintiffs and the putative class members did not provide proper and adequate written notice as required under the Texas Natural Resources Code, Section 91.404(a) *et seq.*, in order to seek the statutory remedies available under the Code.

## EIGHTH DEFENSE

To the extent Plaintiffs and putative class member seek exemplary damages (which are specifically denied as unfounded and meritless), those damages must be capped under the Texas Damages Act and The Due Process Clauses of the United States and Texas Constitutions.

**NINTH DEFENSE**

Certain of Talisman's leases have arbitration, mandatory venue, or other forum selection, or alternative dispute resolution provisions, which Talisman has not waived and reserves the right to assert as to each and every putative class member party to a lease with such provisions.

**TENTH DEFENSE**

Plaintiffs, and other putative class members, have authorized, agreed to, accepted, and/or ratified, either expressly or tacitly, the manner in which Talisman has paid royalties, including the pooling and commingling of separate tract interests, and Talisman asserts the defenses of waiver, estoppel, and ratification.

**ELEVENTH DEFENSE**

Talisman's actions herein have been authorized by rules, orders, and permits granted to Talisman or other operators of the wells, and Talisman asserts the defense of legal justification and authorization.

**TWELFTH DEFENSE**

Talisman's actions herein have been authorized by rules, orders, and permits granted to Talisman or other operators of the wells, and such authorizations, including the factual and legal determinations thereunder may not be collaterally attacked in a private civil action. Rather, a challenge to those permitted actions may only be made by direct challenge to the Texas Railroad Commission in Travis County.

**THIRTEENTH DEFENSE**

Thus, this Court lacks subject matter jurisdictions to hear complaints as to the authorizations, orders, and permits granted to Talisman or other operators of the wells, as the Texas Railroad Commission has primary jurisdiction over such matters and the court lacks subject matter jurisdiction over same.

**COUNTERCLAIMS**

1. NOW COMES **Repsol Oil & Gas USA, LLC** (which by Certificate of Conversion filed with the Secretary of State of Texas effective 12/30/2016, is the successor by conversion of Talisman Energy USA Inc.)¸ and hereinafter will be referred to as **"Repsol"** or **"Talisman"** as Plaintiff-in-Counterclaim and asserts the following claims against Plaintiffs and Defendants-in-Counterclaim Rayanne Regmund, Gloria Janssen, Michael Newberry and Carol Newberry.

*COUNTERCLAIM I – OVERPAYMENT, RECOUPMENT AND MONEY HAD AND RECEIVED*

2. Defendants-in-Counterclaim are lessors under oil and gas leases, as amended and/or ratified, owned in part by Talisman and referenced in the Complaint (each a "Lease," together "the Leases")

3. Talisman has produced oil, condensate and natural gas from wells drilled on the Leases or on lands pooled therewith and paid royalties thereon to Plaintiffs.

4. Talisman is obligated to pay royalties pursuant to the terms of each individual Lease.

5. Plaintiffs, in this action, seek an accounting and other relief implicating, in part, the proper measurement, calculation, and allocation of hydrocarbons produced from wells co-owned by Talisman and from which Talisman paid royalties.

6. To the extent that it is determined that the Leases require a different measurement, calculation, and/or allocation of hydrocarbons produced from wells co-owned by Talisman, then Plaintiffs may have been overpaid royalty.

7. In such event, Talisman is entitled to recover the excess royalty payment under contract rights under the Leases or alternatively under the theories of equitable recoupment or money had and received, plus pre- and post- judgment interest, and attorney fees if applicable under the lease or law.

### *COUNTERCLAIM II – REIMBURSEMENT FOR DRILLING AND OPERATING COSTS*

8. Talisman re-urges and incorporates herein the allegations in paragraphs 1-7 of the above counterclaim.

9. Defendants-in-Counterclaim have alleged the right to terminate the Leases as a potential or alternative remedy. Talisman denies that termination is an available remedy, regardless of the merits of the allegations of the Complaint.

10. In the event, however, that lease termination is obtained in this matter, then Talisman avers that it has made improvements on the Leases in good faith; particularly, the drilling and completion of oil and gas wells and construction of related facilities, and has incurred costs and expenses in the construction of such wells and facilities and in their operation for the benefit of the leased premises.

11. If any award of lease termination, in whole or part, results in Talisman being reduced in status to a good faith trespasser or a co-tenant with rights to remain on the premises but obligated to account to Defendants-in-Counterclaim as co-tenants, then, in either case, Talisman is entitled to an equitable reimbursement of its drilling, completion, and operating costs from Defendants-in-Counterclaim. Accordingly, Talisman asserts a provisional counterclaim for its reimbursement of such costs and expenses in an amount to be proven at trial.

### *COUNTERCLAIM III – ATTORNEY'S FEES*

12. Defendants-in-Counterclaim seek declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code.

13. To the extent the Court declares the rights, status, or other legal relations of the parties favorable to Talisman in this matter then Talisman is entitled to its attorney's fees and costs under TEX. CIV. PRAC. & REM. CODE §37.009.

14. Talisman will incur attorney's fees and costs in opposing Defendants-in-Counterclaims' relief sought by declaratory judgment and in having the court properly declare the rights, status, and legal relations of the parties, and is entitled to recover such fees and costs, in the amount proven at trial, from Defendants-in-Counterclaim.

### **RESERVATION OF RIGHTS TO ASSERT COUNTERCLAIMS AGAINST CLASS MEMBERS**

The foregoing counterclaims asserted against Defendants-in-Counterclaim apply similarly to putative class members. In the event that class certification is granted in this matter, Talisman reserves the right to file and assert the foregoing Counterclaims against each and every class member against whom they apply and who may be properly joined in this action.

### **PRAYER**

Talisman prays that this Answer be deemed good and sufficient and that after due proceedings be had, that judgment be entered:

15. Dismissing the First Amended Complaint with prejudice.

16. Ordering that Plaintiffs take nothing.

17. Awarding Talisman damages or reimbursement against Defendants-in-Counterclaim as may be owed under Counterclaim I.

18. Awarding (provisionally only, and only in the event of lease termination) damages to Defendants-in-Counterclaim as reimbursement for Talisman's costs and expenses incurred in drilling, completing and operating wells and related facilities on the Leased premises or lands pooled therewith.

19. Awarding Talisman attorney's fees against Defendants-in-Counterclaim as a result of any declaration of rights, status or legal relations in Talismans' favor.

20. Awarding Talisman costs, fees, and pre-and post- judgment interest.

21. For all other relief in law and equity to which Talisman may be entitled in this matter.

Respectfully Submitted,

*/s/ Robert L. Theriot*
Robert L. Theriot
Texas Bar No. 24044508
Wade T. Howard
Texas Bar No. 00787725
Carlos J. Moreno
Texas Bar No. 24070297
Alma F. Gomez
Texas Bar No. 24069800
LISKOW & LEWIS
1001 Fannin Street, Suite 1800
Houston, Texas  77002
(713) 651-2900
(713) 651-2908 (Facsimile)
rltheriot@liskow.com
wthoward@liskow.com
cjmoreno@liskow.com
afgomez@liskow.com

Aaron M. Streett
Texas Bar No. 24037561
Jason A. Newman
Texas Bar No. 24048689
J. Mark Little
Texas Bar No. 24078869
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas  77002
(713) 229-1234
(713) 229-7855 (Facsimile)
aaron.streett@bakerbotts.com
jason.newman@bakerbotts.com
mark.little@bakerbotts.com

Attorneys for Talisman Energy USA Inc.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail by the Clerk of the Court via the CM/ECF system this 24th day of May 2018.

                                            */s/Robert L. Theriot*
                                            Robert L. Theriot