United States District Court
Southern District of Texas
**ENTERED**
May 12, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAYANNE REGMUND, et al. § | |
| § | |
| *Plaintiffs,* § | |
| v. § | CIVIL ACTION NO. 4:16-cv-02960 |
| § | |
| TALISMAN ENERGY USA INC. § | |
| *Defendant.* § | |
| § | |

## ORDER AND JUDGMENT GRANTING
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This is a lawsuit in which Plaintiffs Rayanne Regmund Chesser and Gloria Janssen, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), allege that Defendant Talisman Energy USA, Inc., which effective December 30, 2016 by Certificate of Conversion filed with the Secretary of State of Texas became Repsol Oil & Gas USA, LLC, ("Defendant" or "Talisman") improperly calculated and paid royalties in the Eagle Ford Area to the Class Members for Production occurring during the Claim Period of January 1, 2013 and June 1, 2016. On October 15, 2020 Plaintiffs and Defendant executed a Stipulation and Agreement of Settlement filed with the Court and in the exhibits attached thereto (the "Settlement Agreement") finalizing the terms of the Settlement.[1] (ECF No. 206).

On December 9, 2020, the Court preliminarily approved the Settlement and issued an *Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing* (the "Preliminary Approval Order") (ECF No. 221). In the Preliminary Approval Order, the Court, *inter alia*:

---

[1] Capitalized terms not otherwise defined in this Order and Judgment shall have the meaning ascribed to them in the Settlement Agreement.

1

  a. certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the proposed Settlement Class;

  b. appointed Plaintiffs Rayanne Regmund Chesser and Gloria Janssen and Bryan O. Blevins Jr. and W. Michael Hamilton of Provost Umphrey Law Firm, L.L.P., and Joseph N. Kravec, Jr. and Wyatt A. Lison of Feinstein Doyle Payne & Kravec, LLC to represent the Settlement Class;

  c. preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Plaintiffs' Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Plaintiffs' and the Settlement Class's claims and participated in contested hearings, including regarding the certification of a class action for purposes of litigation; (iii) Plaintiffs and Plaintiffs' Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

  d. preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

  e. preliminarily approved the form and manner of the proposed Notice of Settlement to be communicated to the Settlement Class, finding specifically that such Notice of Settlement, among other information: (i) described the terms and effect of the Settlement; (ii) notified the Settlement Class that Plaintiffs' Counsel will seek Attorneys' Fees, reimbursement of Litigation Expenses, and Case Contribution Awards for Plaintiffs' services; (iii) notified the Settlement Class of the time and place of the Final Fairness Hearing; (iv) described the procedure

for requesting exclusion from the Settlement; and (v) described the procedure for objecting to the Settlement or any part thereof;

      f.    instructed the Settlement Administrator to disseminate the approved Notice of Settlement to the Settlement Class and to display documents related to the Settlement on an Internet website in accordance with the Settlement Agreement and in the manner approved by the Court;

      g.    provided for the appointment of BrownGreer as Settlement Administrator;

      h.    provided for the appointment of Western Alliance Bank as Escrow Agent;

      i.    set the date and time for the Final Fairness Hearing as May 12, 2021 at 11:00 AM in the United States District Court for the Southern District of Texas; and

      j.    set out the procedures and deadlines by which Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notice of Settlement was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On May 12, 2021, in accordance with the Preliminary Approval Order and the Notice, the Court conducted a Final Fairness Hearing to, *inter alia*:

      a.    determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

      b.    determine whether the notice method utilized by the Settlement Administrator: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness

3

Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

   c. determine whether to approve the Plan of Allocation, which provides for, *inter alia*, the distribution of the Net Settlement Fund to Participating Class Members;[2]

   d. determine whether a Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the claims in the Litigation with prejudice; extinguishing, releasing, and barring all Class Releasing Parties from prosecuting, commencing, or continuing all Class Claims against all Defendant Released Parties in accordance with the Settlement Agreement; and extinguishing, releasing, and barring Defendant from prosecuting, commencing, or continuing all Defendant's Claims against all Participating Class Members in accordance with the Settlement Agreement;

   e. determine whether the applications for Plaintiffs' Attorneys' Fees, reimbursement for Litigation Expenses, and Case Contribution Awards to Plaintiffs are fair and reasonable and should be approved;[3] and

   f. rule on such other matters as the Court deems appropriate.

Having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, the Court now **FINDS, ORDERS, AND ADJUDGES** as follows:

---

[2] The Court will issue a separate order pertaining to the allocation and distribution of the Net Settlement Proceeds among Participating Class Members (the "Distribution Order").

[3] The Court will issue a separate order pertaining to Plaintiffs' Counsel's request for Attorneys' Fees and reimbursement of Litigation Expenses and Plaintiffs' request for Case Contribution Awards.

1. For purposes of this Final Judgment (the "Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

2. The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendant and Class Members.

3. The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as follows:

   a. All persons who received or were entitled to receive Royalty payments from Talisman attributable to Production within the Eagle Ford Area occurring during the Claim Period that was commingled with Production from one or more other wells, and to whom Talisman paid such Royalties using a volumetric allocation methodology on net production sold and/or estimated "shrunk" production volumes.

   b. Excluded from the class are (a) all governmental entities, including federal, state, and local governments and their respective agencies, departments, or instrumentalities; (b) any foreign citizens, states, territories, or entities; (c) owners of any interests and/or leases located on or within any federally created units; (d) owners of any non-operating working interest for which Talisman or its agents or representatives, as operator, disburses royalty; (e) Talisman, Statoil, and any entity in which Talisman or Statoil has a controlling interest, and their officers, directors, legal representatives, and assigns; and (f) members of the judiciary and their staff to whom this action is assigned.

4. The Court finds that the above-defined Settlement Class has been properly certified for the purposes of this Settlement. The Court finds that the persons and entities identified in the attached Exhibit 1 are Non-Participating Class Members who have been excluded from the foregoing Settlement Class, will not participate in or be bound by the Settlement, or any part thereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the releases provided for in this Judgment and the Settlement Agreement.

5. As used in this Judgment, the following terms shall have the following meanings, as set forth in the Settlement Agreement:

5

a.  **"Class Claims"** means all claims and damages asserted in or arising out of the allegations in the First Amended Complaint, including without limitation all claims, demands, or causes of action (whether arising in contract, tort, equity, statute, or regulation, and including any economic, punitive, or other damages, attorneys' fees, or other relief claimed thereby, including any request for an accounting pursuant to the information required under Texas Natural Resources Code Section 91, *et seq.*) arising out of or related to Defendant's calculation and payment of Royalty on Production, such Production occurring during the Claim Period, and related to Plaintiffs' allegations of incorrect, improper, erroneous, wrongful, or estimated (i) shrinkage of Production in central or field facilities, (ii) commingling of Production in central or field facilities, or (iii) allocation of sales volumes of Production from central or field facilities to individual leases, units, or wells, including the measurement or determination of such volumes of Production at the well used for any such allocation of volumes of Production on which Royalty is owed.

    Class Claims do not include, and Plaintiffs reserve, all claims not released above, including without limitation claims, demands, or causes of action not related to the issues above and related to or arising from: (a) post-production deductions, (b) ordinary prior period adjustments to Royalty payments (e.g., due to title issues, adjustment to Royalty Owner decimal interests, clerical errors, computer or software malfunctions, or corrected or adjusted invoices or statements from pipelines, processing plants, or purchasers), (c) Royalty payments made separately by a co-working interest owner of Talisman for Production taken and sold by such co-working interest owner, (d) the unit price paid or received on the Royalty share of Production, (e) requests for information required under Texas Natural Resources Code Section 91, *et seq.*, or pursuant to an oil and gas lease, and (f) non-Royalty related matters, such as claims for property damage, contamination, personal injury, lease development, or maintenance.

b.  **"Defendant's Claims"** means all claims, contingent counterclaims, affirmative defenses, and damages pled in response to the First Amended Complaint, including without limitation, all claims, demands, or causes of action regarding the right of offset or recoupment (whether arising in contract, tort, equity, statute, or regulation, and including any economic, punitive, or other damages, attorneys' fees, or other relief claimed thereby) arising out of or related to Defendant's calculation and payment of Royalty on Production, such Production occurring during the Claim Period, and related to Plaintiffs' allegations of incorrect, improper, erroneous, wrongful, or estimated (i) shrinkage of Production in central or field facilities, (ii) commingling of Production in central or field facilities, or (iii) allocation of sales volumes of Production from central or field facilities to individual leases, units, or wells, including the measurement or determination of such volumes of Production at the well used for any such allocation of volumes of Production on which Royalty is owed. Defendant's Claims shall include

any adjustment, offset, or recoupment claimed to be due in response to or as a result of any re-allocation or re-computation of volumes of Production attributable to wells, leases, or units on which Royalty is owed.

Defendant's Claims do not include, and Defendant reserves, all claims not released above, including without limitation claims, counterclaims, or causes of action for offset or recoupment not related to the issues above and related to or arising from (a) post-production deductions, (b) ordinary prior period adjustments to Royalty payments (*e.g.,* due to title issues, adjustment to Royalty Owner decimal interests, clerical errors, computer or software malfunctions, or corrected or adjusted invoices or statements from pipelines, processing plants, or purchasers), (c) the unit price paid or received on the Royalty share of Production, and (d) non-Royalty related matters.

c. **"Defendant Released Parties"** means Defendant, as well as its past, present, and future subsidiaries and affiliates (entities which directly or indirectly own an interest in Defendant or in which Defendant directly or indirectly owns an interest), and any and all of their past, present, and future officers, directors, employees, general partners, members, managers, agents, attorneys, board members, successors, assigns, and consultants. Additionally, Defendant Released Parties includes all non-operator co-working interest owners in wells for which Defendant acted as operator and remitted payment of proceeds on behalf of the non-operator working interest owners at any time for Production occurring prior to the production month commencing June 1, 2016. Defendant Released Parties shall also include any operator or co-working interest owner of the wells, the Production of which is subject to the Settlement Agreement, but only to the extent that such operator or co-working interest owner is liable for or claimed to be liable for, either directly or vicariously and whether by contract, statute, or under common law theory of joint and several liability or otherwise, the obligation to pay Royalty on Production attributable to Defendant's working interest share of Production and on which Defendant undertook the responsibility for payment of Royalty for the time period covered by the Settlement Agreement.

d. **"Class Releasing Parties"** means all Participating Class Members, as well as their predecessors, successors, beneficiaries, heirs, assigns, representatives, and agents as well as any of their past, present, and future officers, directors, employees, general partners, members, managers, agents, attorneys, board members, successors, assigns, and consultants.

e. **"Participating Class Member"** and **"Participating Class Members"** means any and all Class Members who, following the Exclusion Period, have not submitted a timely and proper Request for Exclusion, have not

7

been excluded from the Settlement as set forth in Paragraph 6.3 below, or otherwise have not been excluded by the Court.

      **f.**    **"Claim Period"** means any time between January 1, 2013 and June 1, 2016.

6.    At the Final Fairness Hearing on May 12, 2021, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the Notice of Settlement provided to the Settlement Class, considering not only the pleadings and arguments of Plaintiffs and Defendant and their respective Counsel, but also the concerns of any objectors and the interests of all Class Members. In so doing, the Court considered arguments that could reasonably be made against, *inter alia*, approving the Settlement and the Notice of Settlement, even if such argument was not actually presented to the Court by pleading or oral argument.

7.    The Court further finds that due and proper notice, by means of the Notice of Settlement, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. The form, content, and method of communicating the Notice of Settlement disseminated to the Settlement Class and the Notice of Settlement published pursuant to the Settlement Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Texas, and any other applicable law. Therefore, the Court approves the form, content, and method of the Notice of

8

Settlement used by the Parties. The Court further finds that all Class Members have been afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the Settlement.

8. Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement—including without limitation the consideration paid by Defendant, the covenants not to sue, the releases, and the dismissal with prejudice of the Class Claims against the Defendant Released Parties and of Defendant's Claims against the Participating Class Members—is finally approved as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's-length and in good faith after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between the Parties. The Settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel, supports the Settlement. The Court finds that Plaintiffs, Defendant, and their Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and filings in this Litigation. The Court further finds that Plaintiffs and Plaintiffs' Counsel adequately represented the Settlement Class in entering into and implementing the Settlement.

9. By agreeing to settle the Litigation, Defendant does not admit, and instead specifically denies, that the Litigation could have otherwise been properly maintained as a contested class action absent the Settlement, and specifically denies any and all wrongdoing and liability to the Settlement Class, Plaintiffs, and Plaintiffs' Counsel.

10. The Court finds that on October 19, 2020, Defendant caused the Notice of Settlement to be served on the appropriate state official for each state in which a Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. In connection therewith, the Court has determined that, under 28 U.S.C. 28 § 1715, the appropriate state official for each state in which a Class Member resides was and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States. Further, the Court finds it was not feasible for Defendant to include on each such notice the names of each of the Class Members who reside in each state and the estimated proportionate share of each such Class Members to the entire Settlement as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of Class Members residing in each state and the estimated proportionate share of the claims of such Class Members to the Settlement. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

11. The Litigation and the Amended Complaint and all claims included therein, as well as all Class Claims, are dismissed with prejudice as to the Defendant Released Parties. As of the Effective Date, all Participating Class Members (on behalf of the Class Releasing Parties) are hereby (a) deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Class Claims against the Defendant Released Parties and (b) barred and permanently enjoined from, directly or indirectly, suing, instigating, instituting, prosecuting,

10

conducting discovery, or asserting against the Defendant Released Parties any claims or actions on or concerning the Class Claims.

12. The Litigation and Defendant's Counterclaim and all claims included therein, as well as all Defendant's Claims, are dismissed with prejudice as to the Participating Class Members. As of the Effective Date, Defendant is hereby (a) deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Defendant's Claims against the Participating Class Members and (b) barred and permanently enjoined from, directly or indirectly, suing, instigating, instituting, prosecuting, conducting discovery, or asserting against the Participating Class Members any claims or actions on or concerning the Defendant's Claims. Neither Party will bear the other's Party's litigation costs, costs of court, or attorneys' fees.

13. Nothing in this Judgment shall bar any action or claim by Plaintiffs or Defendant to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

14. The Court also approves the efforts and activities of the Settlement Administrator, BrownGreer, and the Escrow Agent, Western Alliance Bank, in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Plaintiffs in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, including the Plan Allocation, this Judgment, and all other orders of the Court relating to this Settlement.

15. In accordance with the Settlement Agreement, the Settlement Administrator will provide the Parties (a) the Final Schedule of Distribution of the Net Settlement Fund to Participating Class Members, showing the final distribution amounts for each Participating Class Member, and (b) a schedule showing the calculation of the Non-Participation Refund. Once final in accordance with Paragraph 8.2 of the Settlement Agreement, Plaintiffs will file a motion with the Court seeking

approval of a Distribution Order that distributes the Net Settlement Amount according to the Final Schedule of Distribution, distributes Plaintiffs' Attorneys' Fees, Case Contribution Award, and/or Litigation Expenses, if any, to Plaintiffs' Counsel, and reimburses Defendant for any Non-Participation Refund. No part of the Gross Settlement Fund will be distributed until the entry of a Distribution Order by the Court.

16.   Upon tendering the payment set forth in Paragraph 2.2 of the Settlement Agreement into the Escrow Account and the occurrence of the Effective Date, Defendant and Defendant Released Parties shall bear no further liability for the Class Claims to any Participating Class Member, nor shall Defendant and Defendant Released Parties owe liability to Plaintiffs, Plaintiffs' Counsel, or the Settlement Class with respect to the Gross Settlement Fund or its administration, including but not limited to any distributions made by the Escrow Agent or Settlement Administrator. Defendant shall have no responsibility for the allocation and distribution of the Net Settlement Fund and shall not be liable for any claims by, through, or under any Class Member or any third party relating to the allocation or distribution of the Net Settlement Fund, including but not limited to any claims regarding the adequacy of payment or lack of payment or that a Class Member should have been allocated and distributed a different amount of the Net Settlement Fund than it actually received or than provided by the Plan of Allocation or the Final Schedule of Distribution.

17.   Except as described in paragraph 8.16 of the Settlement Agreement, the Parties, Defendant Released Parties, and the Parties' Counsel shall not be liable for any act or omission of the Escrow Agent or loss for the funds in the Escrow Account, and no person shall have any claim against the Parties, Defendant Released Parties, Parties' Counsel, the Settlement Administrator, the Escrow Agent, or any of their respective designees or agents based on the distributions made in accordance with the Settlement Agreement, the Distribution Order, or other orders of the Court.

The Parties, Defendant Released Parties, and the Parties' Counsel shall not be liable for any act or omission of the Settlement Administrator or for any mis-payments, overpayments, or underpayments of the Net Settlement Fund, or its administration.

18. If any Class Member receives a Distribution Check that he/she/it is not legally entitled to receive, in whole or in part, that Class Member shall be solely liable for any overpayment amount to the person who is determined to have been properly owed that amount and is obligated to either (a) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s) or (b) return the Distribution Check uncashed to the Settlement Administrator.

19. All matters regarding the administration of the Escrow Account and the taxation of funds in the Escrow Account or distributed from the Escrow Account shall be handled in accordance with Section 12 of the Settlement Agreement.

20. In the event the Settlement is terminated as the result of a successful appeal of this Judgment or does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with, including the refund of amounts in the Escrow Account to Defendant in accordance with the Settlement Agreement.

21. Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction to enter any orders as necessary to administer the Settlement Agreement, including jurisdiction to determine any issues relating to the payment and distribution

of the Net Settlement Fund, to issue additional orders pertaining to, *inter alia*, Plaintiffs' Counsel's request for Plaintiffs' Attorneys' Fees and reimbursement of reasonable Litigation Expenses and Plaintiffs' request for Case Contribution Awards, and to enforce this Judgment; provided, however, that Defendant and Defendant Released Parties shall have no responsibility or obligation for any attorneys' fees, costs, or expenses arising out of or relating to the Litigation or the Settlement (including Plaintiffs' Attorneys' Fees and Litigation Expenses) or for the Case Contribution Awards, all of which shall be paid exclusively from the Gross Settlement Fund.

22. The Settlement Agreement and any and all negotiations, documents, opinions, discussions, or proceedings associated with it shall not be deemed or construed to be an admission or evidence of anything, and evidence thereof shall not be discoverable or and used directly or indirectly, in any way, in this Litigation or any other action or proceeding whatsoever other than to enforce the provisions of the Settlement between Defendant Released Parties and any Class Member, the provisions of the Settlement Agreement, or the Judgment, or to seek an Order barring or precluding the assertion of Class Claims in any proceeding. This Judgment shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the propriety of maintaining this Litigation as a contested class action or of class certifiability, and Defendant specifically deny any such fault, wrongdoing, breach, liability, and allegation regarding certification. This Judgment shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Litigation is inappropriate, improper, or unavailable. The Settlement and any proceedings taken pursuant to the Settlement are for settlement purposes only. Further, this Judgment shall not give rise to any collateral estoppel effect as to the certifiability of any class in any other proceeding.

23.     Notwithstanding the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to Defendant and is therefore a final appealable judgment. The Court further hereby expressly directs the Clerk of the Court to file this Judgment as a final order and final judgment in this Litigation.

**IT IS SO ORDERED** this 12th day of May, 2021.

_____
Honorable Judge Keith P. Ellison

# EXHIBIT 1

(List of Non-Participating Class Members)

## Exhibit B - List of Non-Participating Class Members

| Row | First Name/Business Name | Last Name |
|---|---|---|
| 1. | Betta | Klingeman |
| 2. | G.D., Sr. & Mary F. | Farrell |
| 3. | Mary Alice | Bellows-Miller |
| 4. | Moreno Ranch Minerals Ltd. | |
| 5. | Gregory | Johnston |
| 6. | Richard | Bellows |
| 7. | Marilyn | Bellows |
| 8. | Roger | Bellows |
| 9. | Amanda | Jaffe |
| 10. | Baker Bar-B Ranch | |
| 11. | Paul | Frosdick |
| 12. | OGE LLC | N/A |
| 13. | BOKF, NA | N/A |
| 14. | Bobby | McKee |
| 15. | Hershall | Bellows |
| 16. | Carol | Newberry |
| 17. | Michael | Newberry |
| 18. | Charles | O'Brien |
| 19. | Paul | Bellows |
| 20. | Gold City Mineral Partners | |
| 21. | Briana | Vollbeer |
| 22. | Holman Cartwright Mineral Trust | |
| 23. | PCH Enterprises | |
| 24. | Burlington Resources Oil and Gas Company | |
| 25. | Milton D. & Joanne C. | Ward |
| 26. | Geraldine | Hoskins |
| 27. | Cuanto Antes Mejor | |
| 28. | Anthony | Aguilar |
| 29. | Blackstone | Dilworth |
| 30. | Diane | Gates |
| 31. | Joya International and Irrevocable Family | |
| 32. | David | Ortiz |
| 33. | Horacio | Saenz |
| 34. | Roy & Catherine | Magarigal |
| 35. | Sandra | Neal |
| 36. | Brenda Lee | Weeks |
| 37. | Y Bar Ranch Ltd | |
| 38. | Jerry Mae | Curtis |
| 39. | Peggy Kay Zapp Havard 2011 IRRV TR | |
| 40. | Vicky Lynn Coffman 2011 IRRV TR | |
| 41. | Mary Lou | Zapp |